IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 22–02–M–DLC–01 |
| Plaintiff, | |
| vs. | ORDER |
| ALEX STEPHEN SCHMIDT and RICHMOND JAMES MCKEE, | |
| Defendant. | |

Before the Court is Defendant Alex Stephen Schmidt's Unopposed Motion to Continue.  (Doc. 41.)  Schmidt seeks a 60-day continuance of the July 11, 2022 trial setting so that he may have additional time to "review discovery, evaluate motions and defenses, strategize for trial, confer with [counsel], and address" his "complex medical issues."  (Doc. 42 at 2.)  Neither the United States or Schmidt's co-defendant objects.  (Doc. 41 at 2.)  For the reasons stated herein, the Court will grant the motion.

A district court may grant a continuance and exclude the time period of the continuance from the calculation of the speedy trial deadline when "the ends of justice served by [the continuance] outweigh the best interest of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(7)(A).  In determining whether an "ends of justice continuance" is appropriate, a district court must consider, inter

1

alia, whether the failure to grant the continuance will result in a miscarriage of justice; whether the case is so unusual or complex that it is unreasonable to expect adequate preparation within the time limits imposed by the Speedy Trial Act; and whether the case, while not inordinately complex or unusual, would nonetheless deny counsel the reasonable time necessary for effective preparation. *Id*. § 3161(h)(7)(B).

An "ends of justice continuance . . . must be specifically limited in time[] and . . . must be justified on the record with reference to the facts as of the time the delay is ordered." *United States v. Lloyd*, 125 F.3d 1263, 1268 (9th Cir. 1997) (internal quotation marks, alterations, and citation omitted).  Any additional time is properly excluded under the Speedy Trial Act "only if the district court makes certain findings enumerated in [§ 3161(h)(7)]." *Bloate v. United States*, 559 U.S. 196, 203 (2010).

Mr. Schmidt is charged with one count of conspiracy to possess with the intent to distribute controlled substances, in violation of 21 U.S.C. § 846 (Count I), one count of possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1) (Count II), and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count III).  (Doc. 2.)  Counts I and II carry a possible 10-year mandatory minimum and Count III carries a five-year mandatory minimum.  (*Id.*)

The Court agrees a continuance is warranted based on the representations contained within Schmidt's motion.  Schmidt recently underwent a change of counsel and additional time is necessary to permit new counsel to effectively prepare this case.  Specifically, the Court finds the failure to grant a continuance would result in a miscarriage of justice, 18 U.S.C. § 3161(h)(7)(b)(i), or otherwise deprive counsel of "reasonable time necessary for effective preparation," 18 U.S.C. § 3161(h)(7)(b)(iv).  Because McKee does not object to Schmidt's continuance motion, the Court finds it reasonable to exclude such time from his speedy trial clock as well.  *See United States v. Butz*, 982 F.2d 1378, 1382 (9th Cir. 1993); 18 U.S.C. § 3161(h)(6).

Accordingly, IT IS ORDERED the motion (Doc. 41) is GRANTED.  The joint trial scheduled for July 11, 2022, is VACATED and RESET for September 26, 2022 at 9:00 a.m. in the Russell Smith Federal Courthouse in Missoula, Montana.

IT IS FURTHER ORDERED that all associated deadlines are VACATED.  The motions deadline is reset for August 22, 2022.  The plea agreement deadline is reset for September 12, 2022.  The JERS deadline and jury instructions and trial briefs deadlines are reset for September 19, 2022.

The Court's previous scheduling orders (Docs. 18; 29) remain in full force and effect in all other respects.

DATED this 3rd day of June, 2022.

Dana L. Christensen, District Judge
United States District Court